IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**EMILY GRACE DAVIS,**

      **Plaintiff,**

v.                                                                                        Case 2:14-cv-02918-cgc

**CAROLYN W. COLVIN,**
**Acting Commissioner of**
**Social Security,**

      **Defendant.**

---

## ORDER AFFIRMING DECISION OF COMMISSIONER [1]

---

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disabled widow benefits and Supplemental Security Income ("SSI") pursuant to Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq*. and § 1381 *et seq*. By consent of the parties, this case has been referred to the United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure.

Plaintiff's applications[2] were denied initially on February 17, 2011 and on reconsideration on January 27, 2012. A hearing was held on June 24, 2013 in front of an administrative law judge

---

[1] On March 16, 2015, Plaintiff filed her "Motion for Judgment on the Administrative Record." (Docket Entry "D.E." #20). Based upon the content and arguments therein, the Court will construe this document as Plaintiff's brief on appeal.

[2] Plaintiff filed her application for SSI on September 21, 2010 and application for disabled widow's benefits on June 7, 2012. (R. 12).

1

("ALJ"). On August 9, 2013, the ALJ found that Plaintiff was not under a disability as defined in the Act. The Appeals Council of the Social Security Administration subsequently denied Plaintiff's request for review. This decision became the Commissioner's final decision. Plaintiff then filed this action, requesting reversal of the Commissioner's decision or, in the alternative, remand of the matter for further consideration. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); *Wyatt v. Secretary of Health & Human Services*, 974 F.2d 680, 683 (6th Cir.1992); *Cohen v. Secretary of Health & Human Services.*, 964 F.2d 524, 528 (6th Cir.1992), and whether the correct legal standards were applied. *Landsaw v. Secretary of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir.1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the

opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff was born on March 26, 1956. ®. 19). She alleges that she became unable to work on April 1, 2007 at the age of fifty. ®. 12, 19). Plaintiff's husband died on June 12, 2012. ®. 12). Plaintiff has no past relevant work. ®. 19).

The ALJ determined as follows: (1) Plaintiff is the unmarried widow of the deceased insured worker, has attained the age of fifty, and has met the non-disability requirements for disabled widow's benefits set forth in Section 202(e) of the Act; (2) the prescribed period ends on February 29, 2016; (3) Plaintiff has not engaged in substantial gainful activity since April 1, 2007, the alleged onset date; (4) Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the right knee, hypertension, and obesity; however, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567 and 416.967(c) except that she can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently, that she can stand and/or walk for six hours in an eight-hour workday, that she can sit for six hours in an eight-hour workday, that she can reach overhead with the right extremity only, that she can frequently balance, stoop, kneel, crouch, and climb ramps/stairs, and that she can occasionally crawl and climb ladders, ropes, and scaffolds; (6) transferability of job skills is not an issue because Plaintiff does not have past relevant work; (7) considering the Plaintiff's age, education, work experience, and RFC, there are jobs that

exist in significant numbers in the national economy that Plaintiff can perform; and, (8) Plaintiff has not been under a disability, as defined in the Act, from April 1, 2007, the alleged onset date, through the date of the ALJ decision. ®. 14-20).

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Born v. Secretary of Health & Human Services.*, 923 F.2d 1168, 1174 (6th Cir.1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

*Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520.

Here, the sequential analysis proceeded to the fifth step. At step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). Ultimately, the ALJ found that Plaintiff is capable of making an adjustment to other work that exists in significant numbers in the national economy, and, therefore, was not disabled within the meaning of the Act.

On appeal to this Court, Plaintiff has presented three issues for review. First, Plaintiff argues that the ALJ erred by failing to properly consider all of her impairments and by failing to provide sufficient reasons for not finding these impairments to be severe impairments. Second, Plaintiff argues that the ALJ failed to include a function-by-function assessment in the RFC assessment as required by SSR 96-8p. Third, Plaintiff argues that the ALJ failed to properly consider and weigh the opinion evidence.

With respect to the first issue, Plaintiff argues that, in addition to the severe impairments found by the ALJ, she has also been diagnosed with sciatica, arthritis, carpal tunnel syndrome, and asthma. Plaintiff argues that the ALJ neither listed these impairments nor provide sufficient reasons for her conclusion that they were not severe impairments in step two of her analysis. Plaintiff argues that these impairments should have been characterized as severe, as step two is only a "*de minimis*

5

hurdle in the disability determination process" that should be met unless the impairment constitutes only a "slight abnormality that minimally affects work ability regardless of age, education, and experience." *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Defendant responds that evidence in the administrative record would support a finding that Plaintiff's asthma and carpal tunnel syndrome were not severe impairments. ®. 30-40, 251-52, 256, 278, 315, 320, 349-50). Defendant responds that the ALJ considered the limitations imposed by Plaintiff's sciatica and arthritis in its consideration of her degenerative disc disease of the cervical and lumbar spine and degenerative joint disease of the knee. ®. at 15). Defendant also responds that any error in failing to consider whether these impairments are severe was harmless because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe, in finding she could perform a reduced range of medium work. *See Brasseur v. Comm'r of Soc. Sec., 525* F. App'x. 349 (6th Cir. 2013).

Upon review, as an initial matter, Plaintiff has not cited any portions of the administrative record as support for her assertion that these conditions constituted severe impairments. Furthermore, the ALJ had already concluded that Plaintiff satisfied step two of the analysis based upon her combination of degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the right knee, hypertension, and obesity. Thus, the ALJ's findings that Plaintiff's asthma was "non-severe" and that the record contained "no objective findings" to support a conclusion that Plaintiff's carpal tunnel is "a medically determinable impairment" did not alter the ALJ's ultimate conclusion that Plaintiff met the step-two criteria of having a severe impairment or combination of impairments. Likewise, while the ALJ did not expressly reference Plaintiff's sciatica or arthritis in her step-two analysis, whether she considered these impairments as a limitation related to her degenerative disc disease of the cervical and lumbar

6

spine and degenerative joint disease of the knee or whether she failed to consider these impairments also did not alter her ultimate conclusion that Plaintiff met the step-two criteria of having a severe impairment or combination of impairments.

Additionally, in the subsequent steps of the analysis, the ALJ expressly "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." ®. 16). Thus, the ALJ's finding that Plaintiff's asthma was non-severe, her finding that there was no objective evidence to support the conclusion that Plaintiff's carpal tunnel was a medically determinable impairment, and her failure to expressly address Plaintiff's sciatica and arthritis thus could only constitute harmless error. Accordingly, the ALJ properly determined that Plaintiff had a severe impairment or combination of impairments and satisfied step two of the analysis, and the ALJ properly considered all of Plaintiff's alleged impairments, whether severe or non-severe, in the subsequent steps of the analysis.

With respect to the second issue, Plaintiff argues that, while the ALJ provided a lengthy RFC analysis, she did not include a function-by-function assessment as required by Social Security Ruling ("SSR") 96-8p. Specifically, Plaintiff asserts that the ALJ did not provide any limitations in the RFC regarding pushing and pulling and that "[c]ertainly an individual with lumbar and cervical degenerative disc disease would be unable to continuously push and pull for [eight] hours per day." Defendant responds that Plaintiff has failed to cite any medical evidence or medical opinion to support her "bald contention" that her degenerative disc disease necessarily imposed limitations on her ability to push and pull. Defendant further asserts that there is substantial evidence to support the ALJ's conclusion that greater restrictions on Plaintiff's abilities to push and pull were not appropriate.

7

Upon review, Plaintiff has failed to cite any evidence that she contends that the ALJ failed to consider in her function-by-function assessment. A review of the administrative record demonstrates that the ALJ properly considered the following: all of Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence; opinion evidence; and the credibility of the Plaintiff's statements of the intensity, persistence, and limiting effects of the her symptoms. ®. 15-19). The administrative record further states that "[t]here were no function-by-function analyses provided by a treating source." ®. 19). Ultimately, as Plaintiff has not asserted that the ALJ failed to consider any evidence in its RFC analysis, the Court concludes that there is substantial evidence to support the ALJ's decision.

With respect to the third issue, Plaintiff argues that the ALJ "failed to consider and weigh the opinion evidence." Specifically, Plaintiff contends as follows: that the ALJ inaccurately stated that Dr. Mark Watson ("Dr. Watson") found that Plaintiff "exhibited a full range of motion"; that the ALJ inaccurately stated that Dr. Babar Parvez ("Dr. Parvez") found Plaintiff's range of motion ("ROM") to be normal in all joints except the dorsolumbar spine when he in fact also found limited ROM in the bilateral knees; that the ALJ only considered Dr. Parvez's normal findings but failed to discuss his abnormal findings such as "a positive SLR and positive bilateral Tinel's"; and, that the ALJ failed to explain why she gave "great weight" to the two non-examining state consultants, Dr. Gulbenk and Dr. Briggs. Plaintiff asserts that, had the ALJ properly considered and weighed these opinions, she would have concluded based upon Plaintiff's age and lack of past relevant work that she had a light RFC and sedentary RFC Plaintiff asserts that such a conclusion would result in a finding of disability. Plaintiff argues that, because of the ALJ's error, her decision was not

8

supported by substantial evidence.

Defendant responds that the record belies Plaintiffs assertions. As to Dr. Watson, Defendant argues that the ALJ only concluded that Plaintiff had a "full range of motion" in her knees and that the ALJ provided her rationale based upon the record for discounting his functional limitations. As to Dr. Parvez, Defendant admits that the ALJ mistakenly stated that Plaintiff had full range of motion in her first mention of his findings; however, Defendant argues that, later in her decision, and in the portion in which she determine the weight to accord his opinion, the ALJ correctly stated the restrictions Dr. Parvez found in Plaintiff's bilateral knees. Defendant also argues that the ALJ provided her rationale based upon the record for discounting Dr. Parvez's functional assessment. Finally, as to her decision to accord greater weight to Dr. Gulbenk and Dr. Briggs' opinions, Defendant argues that the ALJ was not required to discuss all of the evidence as long as her factual findings as a whole show that she implicitly considered the record as a whole and that the record does support the ALJ's findings as to the respective weight of the opinion evidence.

Upon review, as to Dr. Watson, the ALJ stated as follows: "Although there was mild crepitus in both knees, she exhibited a full range of motion." ®. 17). The ALJ's finding is supported by the record, which states that Dr. Watson found Plaintiff's knees to have "FROM." ®. 252). Although Plaintiff argues that the ALJ's finding appears to state that Plaintiff had full range of motion in all joints, the ALJ's explicit reference to Plaintiff's knees is contrary to that assertion. Accordingly, the Court concludes that the ALJ did not misstate Dr. Watson's opinion testimony.

As to Dr. Parvez's range-of-motion conclusions, the ALJ initially stated that Plaintiff's "range of motion was normal in all joints except for the dorsolumbar spine." ®. 17). Later in her opinion, the ALJ acknowledged that "Dr. Parvez noted restrictions in the claimant's knees bilaterally

. . . ." (R. 19). The record reflects that Dr. Parvez himself also initially stated that Plaintiff's "[r]ange of motion was normal in all joints except for the dorsolumbar spine" but then stated that her "[r]ange of motion examination was also restricted bilaterally in the knees in flexion beyond 110 degrees." (R. 350). Thus, while there are contradictory statements in both Dr. Parvez's report and the ALJ's summary thereof in her opinion, ultimately it is clear that the ALJ considered the range-of-motion restrictions in Plaintiff's knees in her consideration.

As to whether the ALJ considered Dr. Parvez's abnormal findings, she did not explicitly mention that the straight leg raise test and the Tindel test were positive. However, the Sixth Circuit has concluded that the ALJ is "not required to discuss all the evidence, as long as her factual findings as a whole show that she implicitly considered the record as a whole." *Rudd v. Comm'r of Social Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) (citing *Kornecky v. Comm'r of Social Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006)). Plaintiff has not articulated how these two findings would have altered the ALJ's conclusions. Finally, for the same reason, the ALJ is not required to further address her rationale for her decision to accord greater weight to Dr. Gulbenk and Dr. Briggs' opinions, as her factual findings as a whole show that she implicitly considered the record as a whole in determining the appropriate weight to accord the evidence.

Therefore, upon a finding that the ALJ's decision was supported by substantial evidence and applied the correct legal standards, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 4th day of August, 2015.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
